## City of Rock Island v. Katy Drost.

1. TRIALS—*Accurate Rulings Required in Close Cases.*—Where the issues of fact involved in a case are closely contested, the rulings of the trial court, as to the admissibility of evidence, and in the instructions to the jury, should be accurate.

2. EVIDENCE—*Photographs of Plaintiff in Personal Injury Cases.*— In a suit for personal injuries the trial court admitted in evidence a photograph of the plaintiff taken nine years before the trial. *Held*, on appeal, that this was improper and could only have misled the jury, especially as to the damages.

3. INSTRUCTIONS—*Should Not Assume Facts in Dispute.*—An instruction assuming the existence of any of the facts in dispute is improper and should not be given.

4. CITIES AND VILLAGES—*Duty of, as to Streets, Defined.*—Cities are only required to use reasonable care to keep their streets in safe condition for travel, and an instruction imposing upon a city the absolute duty of keeping its streets in safe condition is improper.

**Trespass on the Case,** for personal injuries.    Appeal from the Circuit Court of Rock Island County; the Hon. HIRAM BIGELOW, Judge, presiding.    Heard in this court at the May term, 1897.    Reversed and remanded.    Opinion filed September 20, 1897.

JOSEPH L. HAAS, attorney for appellant.

Where the evidence is conflicting all the instructions should be accurate, clear and perspicuous. Error in one instruction is not cured by others that are proper. City of Hoopeston v. Eads, 32 Ill. App. 75; Sinnet v. Bowman, 151 Ill. 146; Smith v. People, etc., 142 Ill. 117; McClory v. Lancaster, 44 Ill. App. 213; Demme & D. F. Co. v. McCabe, 49 Ill. App. 453.

An instruction " that a city is bound by law to use all reasonable care, caution and supervision to keep its streets in a safe condition for travel," is erroneous. It is only required to use reasonable diligence to keep its streets in a reasonably safe condition of repair. City of Hoopeston v. Eads, 32 Ill. App. 75; City of Sandwich v. Dolan, 141 Ill. 430.

J. T. KENWORTHY and LOONEY & KELLY, attorneys for appellee.

MR. JUSTICE WRIGHT DELIVERED THE OPINION OF THE COURT.

This was an action on the case by appellee against the appellant for personal injuries incurred in consequence, as she alleges, of the negligence of the appellant in the care and maintenance of a certain street within the corporate limits of said city called Twelfth street.

The alleged negligence consisted in certain alleged embankments, holes, excavations and sand-pits, suffered and permitted by the municipal authorities of the appellant to

remain in said street, whereby the appellee, in the exercise of ordinary care, while driving along the said street in the night time, was turned over in a buggy and hurt.

On the trial of the case, the jury returned a verdict for the appellee, assessing her damages at $6,369, and after over-ruling the motion for a new trial the court gave judgment against the appellant on the verdict, from which this appeal is prosecuted.

For a reversal of the judgment, the appellant assigns for error that the court admitted improper evidence and gave improper instructions to the jury.

The evidence is voluminous, and it would subserve no good or useful purpose to discuss it here. Inasmuch as the case must be remanded, for trial by another jury, it would at this time be inappropriate to make any extended remarks upon the evidence. The questions of fact in issue were in close conflict, requiring accuracy in the rulings of the court on the admissibility of the evidence, and in the instructions of the court to the jury. We are satisfied improper evidence was admitted affecting the verdict injuriously to the appellant, especially in the amount of the damages. The photograph of the appellee, taken nine years before the trial, was admitted against the objections of the appellant. This could only have misled the jury, without tending to prove any important fact for the appellee. By this photograph the jury could only have been led to a comparison of the personal appearance of the appellee at the time of the trial, and at the time of the picture, it being safe to assume, from the evidence, she was somewhat emaciated in appearance at the trial, and from the photograph appeared to be in good health, thereby, as we think, unduly enhancing the damages.

The case being a close one upon the evidence, required the jury to have had correct principles of the law laid down for their proper guidance in the determination of the issues of fact. In this respect, regarding several of the instructions to the jury, we are compelled to say they were mis-directed as to material issues in the case, to the serious prejudice, as we think, of the appellant. To instance, in

this connection, by the third instruction given to the jury at the request of the plaintiff, they were told, in case the plaintiff, while driving along and on the street in question, was injured as alleged in her declaration, and that the injury would not have happened to her if the said street had been in reasonably good repair and safe condition, then the defendant would be liable for such injury. This instruction clearly assumes the street was out of repair and in unsafe condition, and directs the jury that appellant was liable for the injury resulting from such condition. This was one of the issues for the jury to decide from all the evidence, and the court should not have assumed the existence of the bad condition of the street in its instruction. The instruction could not have been otherwise than misleading.

The fifth instruction given to the jury at the instance of the plaintiff, and the modifications, of its own motion, by the court, of the seventeenth and eighteenth instructions given by request of defendant, inform the jury, in effect, that the appellant was bound to keep its streets in safe condition for travel, when the law only requires it to use reasonable care in that respect. These instructions imposed upon the appellant the absolute duty of keeping its streets in safe condition, when, if the jury had been accurately instructed, they would have understood appellant had discharged its whole duty to the public if it had used reasonable care to keep its streets in a reasonably safe condition. The distinction is radical, and we think the jury could not have misunderstood the instructions, repeated as they were both for the plaintiff and defendant, and we can not escape the conviction, in view of the verdict induced, the jury was misled by these erroneous and improper instructions.

For the errors in the admission of improper evidence to the jury, and the giving to the jury of improper instructions, the judgment of the Circuit Court is reversed and the cause remanded.